FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OCT 2 2 20

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. __3:07cr261-MEF__ |
| | ) | [21 USC 846; |
| TYRONE WATSON | ) | 21 USC 841(a)(1); |
| a.k.a. "HEAVY", | ) | 18 USC 924(c)(1)(A)] |
| | ) | |
| RASHEEK MORRIS | ) | |
| a.k.a. "BOOTS", | ) | |
| | ) | |
| MIKE FELTON | ) | |
| a.k.a. "BIG MIKE" and, | ) | |
| | ) | |
| KEITH TOLBERT | ) | |
| | ) | INDICTMENT |
| | ) | |

The Grand Jury charges:

## COUNT 1

That from an unknown date, and continuing thereafter up to, on or about March 3, 2006,

exact dates being known and unknown to the Grand Jury, in Macon County, within the Middle

District of Alabama, and elsewhere, defendants

TYRONE WATSON, a.k.a. "HEAVY",
RASHEEK MORRIS, a.k.a. "BOOTS",
MIKE FELTON, a.k.a. "BIG MIKE", and
KEITH TOLBERT

did knowingly and intentionally conspire, combine and agree together and with persons known and

unknown to the Grand Jury, to distribute and possess with intent to distribute more than 50 grams

of cocaine base, a Schedule II Controlled Substance, and more than 5 kilograms of a mixture and

substance containing a detectable amount of cocaine hydrochloride, a Schedule II Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title

21, United States Code, Section 846.

COUNT 2

That on or about May 4, 2005, in Macon County, within the Middle District of Alabama,

defendants

TYRONE WATSON, a.k.a. "HEAVY", and
RASHEEK MORRIS, a.k.a. "BOOTS",

did knowingly and intentionally distribute more than 5 grams of cocaine base, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 3

That on or about May 18, 2005, in Macon County, within the Middle District of Alabama,

defendants

TYRONE WATSON, a.k.a. "HEAVY", and
RASHEEK MORRIS, a.k.a. "BOOTS",

did knowingly and intentionally distribute more than 50 grams of cocaine base, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 4

That on or about July 1, 2005, in Macon County, within the Middle District of Alabama,

defendants

RASHEEK MORRIS, a.k.a. "BOOTS", and
MIKE FELTON, a.k.a. "BIG MIKE",

did knowingly and intentionally distribute more than 5 grams of cocaine base, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 5

That on or about January 1, 2006, in Lee County, within the Middle District of Alabama,

defendant

TYRONE WATSON, a.k.a. "HEAVY",

did knowingly and intentionally distribute a mixture and substance containing a detectable amount

of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States

Code, Section 841(a)(1).

## COUNT 6

That from an unknown date, and continuing thereafter up to, on or about March 3, 2006, the

exact dates being unknown to the Grand Jury, in Macon County, and elsewhere, within the Middle

District of Alabama, defendants

TYRONE WATSON, a.k.a. "HEAVY",
RASHEEK MORRIS, a.k.a. "BOOTS",
MIKE FELTON, a.k.a. "BIG MIKE", and
KEITH TOLBERT,

and persons known and unknown to the Grand Jury, did knowingly use, and carry firearms,

ammunition and weapons magazines, during and in relation to, and possessed firearms, ammunition

and weapons magazine in furtherance of, a drug trafficking crime for which they may be prosecuted

in a court of the United States, to-wit: conspiracy to distribute and possess with intent to distribute

controlled substances as set out and incorporated herein by reference from Count 1 of the Indictment,

and distribution of a controlled substance as set out and incorporated herein by reference from

Counts 2,3,4, and 5 of the Indictment, in violation of Title 18, United States Code, Section

924(c)(1)(A).

## FORFEITURE ALLEGATION - 1

A.      Counts 1, 2, 3, 4, 5 and 6 of this indictment are hereby repeated and incorporated

herein by reference.

3

B.      Upon conviction for the violations alleged in Counts 1, 2, 3, 4 and/or 5 of this indictment, the defendants,

TYRONE WATSON, a.k.a. "HEAVY",
RASHEEK MORRIS, a.k.a. "BOOTS",
MIKE FELTON, a.k.a. "BIG MIKE", and
KEITH TOLBERT,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 through 5 of this indictment.

C.      If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third person;

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendants up to the value of the property described in the above paragraphs.

FORFEITURE ALLEGATION - 2

A.      Counts 1, 2, 3, 4, 5 and 6 of this indictment are hereby repeated and incorporated

4

herein by reference.

B.     Upon conviction for the violation alleged in Count 6 of this indictment, the

defendants,

TYRONE WATSON, a.k.a. "HEAVY",
RASHEEK MORRIS, a.k.a. "BOOTS",
MIKE FELTON, a.k.a. "BIG MIKE", and
KEITH TOLBERT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28,

United States Code, Section 2461(c), all firearms and ammunition involved in the commission of

this offense.

C.     If any of the forfeitable property described in this forfeiture allegation, as a result of

any act or omission of the defendants:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third person;

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot be divided without

difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated

by Title 28, United States Code, Section 2461(c),  intends to seek an Order of this Court forfeiting

any other property of said defendants up to the value of the property described in the above

paragraphs.

A TRUE BILL,

_____
Foreperson

5

LEURA G. CANARY
UNITED STATES ATTORNEY

Susan R. Redmond
Assistant United States Attorney