IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:07cr261-MHT |
| | ) | (WO) |
| RASHEEK MORRIS | ) | |

ORDER

On November 16, 2015, this court ordered the government to file, by noon on November 23, "a brief stating its position on whether <u>United States v. Glover</u>, 686 F.3d 1203 (11th Cir. 2012), or Amendment 780, U.S.S.G. § 1B1.10(c), controls as to the eligibility of the defendant (who originally received a sentence below the applicable statutory mandatory minimum on the basis of a government motion for a downward departure to reflect substantial assistance) for a further sentence reduction under 18 U.S.C. § 3582(c)(2)."  (doc. no. 195)  The same day, the government filed a response.  (doc. no. 197).  However, this response failed to address directly whether

<u>Glover</u>--upon which it relies (indeed, the only case it cites)--was abrogated by the subsequent promulgation of Amendment 780. Although it does not argue so explicitly, the government's response appears to conclude that Amendment 780 is inapplicable based on the erroneous impression that it went into force after the effective date of the sentence-reduction amendment that the court is considering applying. That amendment is Amendment 782, which became effective (and was simultaneously made retroactive by Amendment 788) on November 1, 2014, the same day that Amendment 780 went into effect. <u>See</u> U.S.S.G. § 1B1.10 cmt. no. 6 (specifically contemplating that courts will apply Amendment 780 in ordering sentence reductions under Amendment 782).

Therefore, it is ORDERED that the government is to respond directly to the question posed in the court's

2

previous order (doc. no. 195), by the deadline set in that order.

DONE, this the 18th day of November, 2015.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**