1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE MIDDLE DISTRICT OF ALABAMA

3                 EASTERN DIVISION

4

5    UNITED STATES OF AMERICA

6        vs.                CASE NO.: 3:07cr261-MEF

7    RASHEEK MORRIS,

8          Defendant.

9          * * * * * * * * * * * * * *

10                 SENTENCING

11          * * * * * * * * * * * * * *

12       BEFORE THE HONORABLE MARK E. FULLER, UNITED STATES

13   DISTRICT JUDGE, at Montgomery, Alabama, on November 4, 2008,

14   commencing at 11:50 a.m.

15                APPEARANCES

16   FOR THE GOVERNMENT:    Ms. Susan R. Redmond
                        Ms. Tommie B. Hardwick
17                   Assistant United States Attorneys
                       OFFICE OF THE UNITED STATES ATTORNEY
18                   131 Clayton Street
                       Montgomery, Alabama  36104
19
   FOR THE DEFENDANT:     Mr. Derek E. Yarbrough
20                   Attorney at Law
                       MOTLEY, MOTLEY & YARBROUGH
21                   117 East Main Street
                       Dothan, Alabama  36301

22

23        Proceedings reported stenographically;

24        transcript produced by computer

25

1      (The following proceedings were heard before the Honorable

2 Mark E. Fuller, United States District Judge, at Montgomery,

3 Alabama, on November 4, 2008, commencing at 11:50 a.m.)

4           THE COURT:  Ready to get started with Mr. Morris?

5           MR. YARBROUGH:  Yes.

6           THE COURT:  Mr. Morris, the Court calls your case in

7 the case of United States of America versus Rasheek Morris, case

8 number 07cr261, in the United States District Court for the

9 Middle District of Alabama, Eastern Division.

10           Today, Mr. Morris, the Court will determine a

11 reasonable sentence in your case by considering the United

12 States Sentencing Guidelines, which were promulgated pursuant to

13 the Sentencing Reform Act of 1984 and which are now advisory,

14 and by considering the factors set forth in 18 United States

15 Code, Section 3553(a), and if I sentence you below the statutory

16 mandatory minimums pursuant to 18 United States Code, Section

17 3553(e).

18           It appears that you have entered into a plea agreement

19 with the United States pursuant to the provisions of Rule

20 11(c)(1)(C), which this Court commonly refers to as a binding

21 plea agreement.  And if that is, in fact, the case, let me ask

22 counsel for the United States or your counsel to recite the

23 terms of the plea agreement for the Court and for purposes of

24 the record.

25           MS. REDMOND:  Judge, pursuant to the 11(c)(1)(C) plea

1    agreement entered into by the parties, the government's

2    provisions are that upon defendant's plea of guilty to counts

3    one and six of the indictment, the government agreed that the

4    two-level -- that a two-level reduction in the offense level be

5    given to the defendant pursuant to United States Sentencing

6    Guideline 3E1.1(a).  We agree to file for an additional one

7    level for his acceptance of responsibility if he continued to

8    accept responsibility.

9         The defendant entered into a cooperation agreement with

10   the United States, and the government agreed to file a motion

11   for downward departure pursuant to United States Sentencing

12   Guideline 5K1.1 and Title 18 of the United States Code, Section

13   3553(e) for his substantial assistance.  We additionally made

14   provision for a Rule 35 downward departure to be able to be

15   filed post sentencing if the defendant continued to provide

16   substantial assistance to the government.

17        The defendant agreed to plead guilty to counts one and

18   six of the indictment, to cooperate with the government as set

19   out in the agreement, to forfeit to the government any property

20   and/or proceeds obtained as a result of the drug conspiracy, or

21   any property used or intended to be used in part to commit and

22   to facilitate the commission of the offense of drug conspiracy.

23   The defendant additionally agreed to forfeit to the United

24   States all firearms and ammunitions involved in the commission

25   of the gun count contained within count six of the indictment.

1  Additionally, Judge, the defendant agreed to waive appeal and

2  collateral attack in this matter.

3        I would point out to the Court that in the factual

4  basis contained within the plea agreement, the parties set out

5  that the government would be able to prove and establish that as

6  to count one, the crime of conspiracy to distribute, that the

7  terms of that -- or that the defendant, along with others known

8  and unknown to the grand jurors, agreed to knowingly and

9  intentionally distribute and possess with intent to distribute

10 more than 50 but less than 150 grams of cocaine base and more

11 than 50 but less than 100 grams of a mixture and substance

12 containing a detectable amount of cocaine hydrochloride, all in

13 violation of Title 21 of the United States Code, Section

14 841(a)(1) and 846.

15        THE COURT:  Anything to add to what's been recited for

16 the record, Mr. Yarbrough?

17        MR. YARBROUGH:  No, sir.

18        THE COURT:  I notice that you have filed an objection

19 on Mr. Morris's behalf as to the drug quantities in this case.

20        MR. YARBROUGH:  Yes, sir.

21        THE COURT:  And I know -- and I'm going to recite for

22 the record.  You've been here all morning, Mr. Yarbrough, but

23 your client hasn't.

24        We took the opportunity to get together before we

25 started this morning to discuss the drug quantity issue.  I

1 believe that I've made it clear to all counsel and to all of the

2 defendants who have preceded Mr. Morris that I have calculated

3 the drug quantity, based upon my review of the presentence

4 report, that would reflect a drug quantity of 184.9 grams of

5 cocaine base, 32.45 grams of cocaine hydrochloride or cocaine

6 powder, and 11 grams of marijuana.

7     Are there any objections to the calculation of the drug

8 quantity that I have just recited for the record?

9     MR. YARBROUGH: Judge, I've explained to my client in

10 discussions we had this morning, went over with him that he

11 would have the opportunity to withdraw the plea if he did not

12 accept the calculations of the Court, and he has informed me

13 that he wishes to proceed.

14     THE COURT: And you are withdrawing your objection?

15     MR. YARBROUGH: Yes, sir.

16     THE COURT: All right.

17     Mr. Morris, I need to inform you, based upon the strict

18 requirements incumbent upon me under the Federal Rules of

19 Criminal Procedure, that although I will accept the vast

20 majority of the terms of your plea agreement that you have

21 negotiated with the United States, I will not accept the

22 portions of the plea agreement which would calculate a sentence

23 based upon a drug quantity outside of what I have just cited.

24 And, again, for the record, that is a drug quantity of 184.9

25 grams of cocaine base, 32.45 grams of powder cocaine, and 11

1  grams of marijuana.

2          And to the extent that that is a variance in the

3  binding plea agreement, I specifically reject the portion of the

4  plea agreement in which you have agreed to be sentenced with a

5  drug quantity ranging from not more than 50 grams but less than

6  150 grams of cocaine base and not more than 50 grams but less

7  than 100 grams of cocaine hydrochloride.

8          Do you understand the disagreement that I have with the

9  terms of the plea agreement that you've negotiated with the

10 United States?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand the drug quantities that

13 I have calculated based upon the conduct that I have reviewed in

14 you, Mr. Watson, Mr. Felton, and Mr. Tolbert's case?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  To the extent that my rejection of the plea

17 agreement as to the drug quantities would affect the binding

18 plea agreement, I will allow you the opportunity to withdraw

19 your plea of guilty and to persist in your right to a trial or

20 to go forward with sentencing.  And I will tell you, I will

21 calculate a reasonable sentence based upon an advisory guideline

22 range based upon the drug quantities that I have recited.

23         Which do you wish to do?

24         THE DEFENDANT:  Go on.

25         THE COURT:  You wish to go forward?

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  Mr. Morris, I find that you have made a

3   reasonable, fair -- and you are -- you've made an informed and

4   you understand the consequences of the binding plea agreement

5   and the variance between the drug quantities that you have

6   negotiated with the United States and the drug quantities that I

7   have recited for you.  And I find that you have made a knowing,

8   voluntary waiver of your right to persist in the ability to

9   reject the plea agreement and persist in your right to a trial

10  by jury, and you have informed the Court that you wish to go

11  forward.  I find that that decision was made knowing and

12  voluntary and not as a result of any force, coercion, threat, or

13  agreement with the United States or anyone else.

14        As I said, I will follow the majority of the terms of

15  the plea agreement, Mr. Morris, to include the calculation of

16  your offense level based upon the advisory guideline range based

17  upon the drug quantities that I have recited.

18        The first order of business that I need to address is

19  the reduction for acceptance of responsibility motion that the

20  United States has filed in this case, and that is the third

21  point for your acceptance of responsibility under Section 3E1.1.

22  For the record, this is document number 124.  And without

23  objection, this motion is granted and the third point will be

24  applied.

25        Mr. Yarbrough, have you and Mr. Morris had an

1  opportunity to review the presentence report before today's

2  date?

3  　　　　MR. YARBROUGH:  Yes, sir.  There was a couple of

4  objections that we have, one, of course, being the two-point

5  enhancement for the organizing.  We have withdrawn the drug

6  amounts.

7  　　　　Also in the presentence report it states, I think, that

8  Mr. Morris owned the properties where these drug transactions

9  were occurring.  Basically, Judge, what -- Mr. Morris did not

10  have an interest in that particular property.  Basically, we, as

11  far as the forfeiture allegations, waived any rights to

12  forfeiture on that.  But Mr. Morris, in fact, did not own that

13  property; did not have a legal -- any legal titles to the

14  property.

15  　　　　THE COURT:  What says the United States?

16  　　　　MS. HARDWICK:  Your Honor, that is correct.  The

17  government would move to strike the forfeiture allegation as to

18  Mr. Morris in counts one and two.  However, Mr. Morris did agree

19  in the plea agreement to give up any interest or rights he may

20  have in the property.  The government has proceeded with a civil

21  action, and at this time Mr. Morris was personally served and he

22  did not file any claim for that property at 444 Essie Morris

23  Road.

24  　　　　MS. REDMOND:  And Judge, if I could --

25  　　　　THE COURT:  Let me take them up one at a time.  Sorry

1  to interrupt.

2       If I strike the forfeiture allegation, will that

3  resolve your objection to the forfeiture claim by the United

4  States in the criminal complaint?

5       MR. YARBROUGH:  Yes, sir.

6       THE COURT:  Okay.  So you have no more objections to

7  the forfeiture provisions?

8       MR. YARBROUGH:  Can I have one second, Judge, to

9  explain that?

10      THE COURT:  Certainly.

11    (Brief pause in the proceedings)

12      MR. YARBROUGH:  Judge, just for my client's purpose,

13  basically what we're claiming is we have no interest in that

14  property; so, therefore, we would not have a right to claim the

15  property in the forfeiture.  And basically, I've explained to

16  him that it will not stop them from going after other

17  individuals for that property.

18      THE COURT:  And I don't mean to prejudice Mr. Morris at

19  all.  I just understand that to the extent that he is

20  maintaining an interest in the property, it is his position

21  through you that he has no interest in the property in question.

22      MR. YARBROUGH:  That is correct, Your Honor.

23      THE COURT:  Does that satisfy the United States?

24      MS. HARDWICK:  It does, Your Honor.  And for the

25  record, the government has already filed a civil claim, and

1    Mr. Morris did not file any claim for the property.

2              THE COURT:  Okay.

3              MS. HARDWICK:  And the deadline has passed on that.

4              THE COURT:  Ms. Redmond?

5              MS. REDMOND:  And, Judge, I just wanted to be clear

6    that we're talking about two separate issues, obviously.  The

7    legal interest that Mr. Morris does not have, but the factual

8    basis of the leader enhancement; that is, that it is his -- for

9    lack of a better, I suppose you would say it's his family's

10   property.  He was living there.  The drugs were being brought

11   to, packaged, and sold from the Essie Road location.

12             THE COURT:  Are you talking about the forfeiture

13   provision, or are you now back on the leader/organizer?

14             MS. REDMOND:  I am simply on the leader/organizer.  I

15   wasn't sure if Mr. Yarbrough had separated those out, and I

16   wanted to be fair to the Court.

17             THE COURT:  It's separate in my mind.  As far as the

18   forfeiture allegation is concerned, that's now a civil matter

19   between the United States and those who have a legal interest in

20   that property, and Mr. Morris is claiming he does not have legal

21   interest in that property.

22             MR. YARBROUGH:  Yes, sir.

23             THE COURT:  Now your second objection to the

24   presentence report, as I understand it, is to the addition of

25   the two points for a leader/organizer role.  Specifically, that

1  would be included in paragraph 33.  I'll hear your objection.

2       MR. YARBROUGH:  Judge, if you'll take -- as the report

3  says, basically, Mr. Felton stated that in the early nineties or

4  in the mid nineties, that at that point in time Mr. Morris would

5  leave drugs at the residence and, I think he said, instructed

6  him to -- as to who to sell or who to provide.

7       My understanding of the leader and organizer

8  enhancement and the purpose for that enhancement is individuals

9  who are recruiting other people to come in and help sell drugs

10 and basically forming a bigger conspiracy.  And in this

11 particular situation, there is no evidence that, in fact,

12 Mr. Morris had come in and recruited these individuals; had gone

13 out and sought these individuals to help him to facilitate this

14 conspiracy.  I think, basically, if you can -- and I know the

15 Court has read the entire presentence report.  Basically, what

16 the situation is, you've got a house where Mr. Morris was

17 selling drugs out of.  Then you have other individuals who are

18 coming, who are buying these drugs, and then they, in fact, I

19 guess, feed their own habit.  But there is nothing there to show

20 that Mr. Felton, who is the one that basically said he did --

21 that Mr. Morris did this, that Morris was getting any more of

22 the proceeds or getting any further benefit than Mr. Felton was.

23 And my belief and the rationale for this enhancement is to keep

24 individuals such as Mr. Morris to go out, recruit people, have

25 them selling the drugs.  He'd get the bigger share of this and

 1  leave these others out.

 2          There's nothing to show that the participation of

 3  Mr. Felton was any more or less than Mr. Morris.  And also I

 4  don't know -- the -- as far as the presentence report is part of

 5  the investigation, nothing really goes back prior to 2005 except

 6  what was stated in these proffers.  And in the proffers it

 7  basically says that this went back into the 1990s.

 8          I would suggest to the Court that at some point in

 9  time, there was a break in this conspiracy.  I know that

10  Mr. Watson, I think, in fact, had been arrested on charges.  I

11  don't know if he was put in jail or whatever.  But there would

12  have been a break.  There's a big gap in when this -- from the

13  mid nineties to 2005.  So I think there would have been a break

14  in this conspiracy.

15          And for those reasons, Judge, I don't believe the

16  leader and organizer enhancement would be appropriate in this

17  case.

18          THE COURT:  Anything from the United States?

19          MS. REDMOND:  Judge, I think it's clear from the

20  indictment, from the PSR, from the statements of the

21  codefendants, that in this particular case, Mr. Morris provided

22  the locale from which the drug conspiracy issued; from where

23  they worked.  He certainly was a leader/organizer over

24  Mr. Felton and Mr. Tolbert, as he is one of the people who

25  brought the drugs in, packaged the drugs, gave the drugs out to

1  be sold, went and made sales, and instructed Mr. Felton to come

2  along with him to act as his -- for lack of a better word, his

3  muscle.  He certainly was in control of Mr. Felton and his

4  activities.  And I think that under 3B1.1C, which I think is

5  what's being requested or recommended by the probation officer

6  and supported by the government, that the two-level increase for

7  being a leader or manager meets -- at least the definition under

8  that 3B1.1C and the application of its following meet the exact

9  example of what Mr. Morris himself was doing in this case.

10       THE COURT:  Anything further, Mr. Yarbrough?

11       MR. YARBROUGH:  No, sir, Judge.  The biggest thing, as

12  far as my argument in this, is that if any of this was

13  occurring, nobody has said that it occurred any time after the

14  mid nineties.  And there's surely a break in this conspiracy at

15  that point in time, and any --

16       THE COURT:  What does that have to do with anything?

17       MR. YARBROUGH:  Well, I think if there was a break in

18  the conspiracy and the conspiracy ended, I mean, any statutory

19  right of the government to prosecute those cases past the five

20  years would have been gone.  So I think if, in fact, there was a

21  break and that conspiracy ended, I think basically what we're

22  being prosecuted on is, in fact, a new conspiracy or a new

23  coming together of the co-conspirators.  And I think that would

24  have started just based on the discovery and evidence in this

25  case --

1          THE COURT:  At least as early as 2005?

2          MR. YARBROUGH:  Yes, sir.

3          THE COURT:  Okay.  You don't need to respond, but do

4   you wish to, Ms. Redmond?

5          MS. REDMOND:  Judge, I would just say that the

6   conspiracy goes from an unknown date up until 2006.  Certainly

7   within that time, Mr. Morris provided a leadership or management

8   role as set out in the indictment and the specific charges.  I

9   would especially note Mr. Morris's use of Mr. Felton in or about

10  July 1st, 2005, making his sales, and using Mr. Felton as a

11  muscle or control in July of 2005 during the pendency of this

12  conspiracy.

13         THE COURT:  Anything further?

14         MR. YARBROUGH:  No, sir.

15         THE COURT:  The Court finds, based upon the facts set

16  out in the presentence report, that the conduct of both

17  Mr. Morris and Mr. Watson do qualify for the leader/organizer

18  enhancement.  The Courts finds that Mr. Morris is the leader,

19  organizer, or instructor of Mr. Felton in the distribution of

20  drugs, especially when Mr. Morris or Mr. Watson were away from

21  the Essie Morris Road location that has commonly been referred

22  to throughout these proceedings.  The Court further finds that

23  Mr. Morris's leadership role would be demonstrated by the fact

24  that protection was provided through Mr. Tolbert as the muscle,

25  for lack of a better description, of this enterprise.  And for

1 those reasons, the leader/organizer role would be applied and

2 the objection is due to be overruled.

3          Having ruled on the objections to the presentence

4 report or the factual statements contained in the presentence

5 report --

6          MR. YARBROUGH:  I'm sorry, Your Honor.  My --

7          THE COURT:  Do you have any other objections?

8          MR. YARBROUGH:  My client was talking.  No, sir.

9          THE COURT:  Okay.

10          With that being said, the Court will adopt the factual

11 statements contained in the presentence report, with specific

12 findings under the guidelines that the offense level is 31, the

13 criminal history category is I, the guideline range is from 120

14 months to 135 months on count one.  The defendant is also

15 subject to the mandatory consecutive sentence of five years set

16 forth in count six pursuant to the provisions of 18 United

17 States Code, Section 924.

18          Let me pause for a second.  Criminal history category

19 31 -- I'm sorry.  Offense level 31, criminal history category I

20 would fall in the guideline range of -- a range of 108 to 135

21 months, but the minimum mandatory ten years would make it 120 to

22 135; is that correct?

23          PROBATION OFFICER:  Yes, Your Honor.

24          THE COURT:  All right.

25          The supervised release period is not less than five

1　years on count one and three to five years on count six.  The

2　fine range is from $15,000 to $4 million for count one and a

3　fine of $250,000 on count six.

4　　　　Now pending before the Court is the United States'

5　motion for downward departure due to Mr. Morris's substantial

6　assistance.  And that, for the record, is document number 125.

7　If I could have the United States recite the basis upon which

8　this motion is due to be granted or considered.

9　　　　MS. REDMOND:  Thank you, Your Honor.  The government

10　has filed a motion for downward departure pursuant to 5K1.1 and

11　Title 18 of the United States Code for the defendant's

12　substantial assistance.

13　　　　THE COURT:  Section 3553(a) or (e)?

14　　　　MS. REDMOND:  Thank you, Your Honor. (e).  Thank you,

15　Your Honor.

16　　　　We've asked for three levels.  Two of those are for the

17　defendant's substantial assistance to the government in the

18　prosecution of two of the codefendants, being Mr. Tolbert and

19　Mr. Watson, and his willingness to stand ready to testify in

20　trial against those two individuals.  The third requested

21　downward departure level is for Mr. Morris's substantial

22　assistance to the United States in the ongoing investigation as

23　set out in part in the PSR as to individuals higher up in the

24　conspiracy, the drug conspiracy, that are acting within the

25　Middle District of Alabama.  That is also why we included within

1  the plea agreement provision for a Rule 35 motion for downward

2  departure to be filed at some later date for his substantial

3  assistance.

4          Specifically, Mr. Morris -- and without being too

5  specific, but we had information from other cooperating

6  individuals, to include two of his codefendants.  And

7  Mr. Morris's information aided the investigation in that one of

8  the things it did was substantiate and bulwark the earlier

9  information provided by other individuals and helped us to

10 pinpoint the amounts and types of drugs that were flowing into

11 the Middle District of Alabama and how they were flowing in

12 through this drug conspiracy.  And for that reason we ask for an

13 additional one level for his substantial assistance.

14         THE COURT:  Anything you wish to add to that,

15 Mr. Yarbrough?

16         MR. YARBROUGH:  No, sir.

17         THE COURT:  Mr. Morris, what has been recited by the

18 Court and proffered by an officer of this Court on behalf of the

19 United States is that you have provided substantial assistance

20 in part by your ability to agree to cooperate in the prosecution

21 of other codefendants which have pled guilty and been sentenced

22 before you today.  But as an additional basis, you have agreed

23 to continue to provide assistance, and you have provided

24 assistance against other individuals who are actively engaged in

25 the drug business in the Middle District of Alabama.

1          Before I would consider the full extent of your

2   substantial assistance, I would need a commitment by you that

3   you understand that you have a continuing obligation to assist

4   the United States with providing information and testimony

5   against those you have provided information against, and that

6   you agree to testify in any grand jury proceeding or testify in

7   trial if need be against those individuals in an effort to

8   receive the full benefit of this substantial assistance.  Do you

9   understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Are you willing to do that?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And you understand that the United States

14   also has the ability to ask this Court to reduce your sentence

15   further based upon provisions of Rule 35 of the Federal Rules of

16   Criminal Procedure if you continue to provide additional

17   assistance to the United States?  Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  The Court finds that based upon the

20   representations from the United States, that the defendant's

21   assistance thus far would qualify as a substantial assistance

22   departure both based upon the provisions of Section 5K1.1 of the

23   United States Sentencing Guidelines and 18 United States Code,

24   Section 3553(e).  This finding would result in a reduction in

25   the guideline level to an offense level 28, which, when combined

1   with the criminal history, creates a category -- criminal

2   history -- a guideline range of 78 months to 97 months and a

3   fine range from $12,500 to $4 million for count one and a fine

4   range from -- a fine range of $250,000 for count six and a

5   mandatory consecutive sentence of five years for count six

6   pursuant to 18 United States Code, Section 924(c).

7          Mr. Yarbrough, do you or your client have anything to

8   say in mitigation or otherwise before the Court pronounces its

9   sentence in this case?

10         MR. YARBROUGH:  Yes, sir, if I could.

11         THE COURT:  You may.

12         MR. YARBROUGH:  Judge, his wife is here in the

13  courtroom.  Mr. Morris is married.  He has a child of this

14  marriage and a child outside this marriage and is basically

15  supporting the child outside the marriage.

16         Also in the presentence report, Mr. Morris was working

17  construction.  That was kind of a family business at that point

18  in time.  I think there is a history here of him at least

19  working for a five-year period of time.  And really, a lack of a

20  criminal history.  I notice there are some tickets and things

21  like that, but there's a lack of a criminal history.

22         I'd also ask the Court to take into consideration --

23  really, what I'm asking for is a low-end range -- is that

24  Mr. Morris, when this case came up, counsel, myself, was

25  notified by Mr. Morris that there was, in fact, an indictment

1 against him.  He had come to see me in my office in Dothan.  At

2 that point in time, we made arrangements to turn him in up here

3 in to Montgomery.  He did turn himself in.  Did not make them go

4 out and catch him.  As far as Mr. Watson, I think they had to do

5 that.  We had provided some information.  I don't know whether

6 or not it helped to get Mr. Watson, but I know we provided some

7 phone numbers and things like that to the government for them to

8 at least try to apprehend Mr. Watson.

9 So, Judge, based on that, based on his, really, lack of

10 criminal history, we would ask for the low end of the guideline

11 range.

12 THE COURT:  Anything from the United States?

13 MS. REDMOND:  No, Your Honor.

14 THE COURT:  If the record has not already reflected, I

15 did grant the motion for downward departure for your acceptance

16 of responsibility, Mr. Morris.  That is document number 125.

17 And I've already advised you of the amended offense level ranges

18 for both count one and count six.

19 Based upon representations of counsel, based upon the

20 advisory guideline range and the applicable statutory factors,

21 Mr. Morris, it is the judgment of this Court that you, Rasheek

22 Morris, be committed to the custody of the Federal Bureau of

23 Prisons to be imprisoned for a total term of 138 months.  This

24 sentence consists of 78 months on count one and 60 months on

25 count six, to be served consecutive to the term imposed on count

1  one.

2         The Court recommends that you be designated to a

3  facility where intensive residential substance abuse treatment

4  is available.

5         Based upon your inability to pay, the Court waives the

6  imposition of a fine; however, you shall pay to the United

7  States District Court Clerk a special assessment fee of $200,

8  which is due immediately.

9         The Court also recommends while you are in the custody

10  of the Bureau of Prisons that you be designated to a facility

11  which can provide you educational benefits such that you can

12  attend classes and successfully complete a GED program available

13  to you through the Bureau of Prisons.

14         The Court finds that there is no identifiable victim

15  who incurred a financial loss as a result of this offense.

16         Upon release from imprisonment, you shall be placed on

17  supervised release for a term of five years.  This term consists

18  of five years on count one and five years on count six, all such

19  terms to run concurrently.

20         Within 72 hours of release from custody, you shall

21  report to the probation office in the district to which you are

22  released.

23         While on supervised release, you shall comply with the

24  mandatory and standard conditions of supervised release on file

25  with this Court.

1          The Court also orders the following special conditions:

2     You shall participate in a program approved by the United States

3     Probation Office for substance abuse, which may include testing

4     to determine whether you have reverted to the use of illegal

5     drugs.  You shall contribute to the cost of any such treatment

6     based upon your ability to pay and the availability of

7     third-party payments.  You shall cooperate in the collection of

8     DNA.  You shall submit to a search of your person, your

9     residence, your office, and your vehicle pursuant to the search

10    policy of this Court.

11          The Court finds that the sentence that has been imposed

12    in your case, Mr. Morris, is a reasonable sentence and has been

13    imposed to reflect the seriousness of the offense, to promote

14    respect for the law and to provide just punishment for the

15    offense, to afford adequate deterrence to criminal conduct, to

16    protect the public from any further crimes of you, Mr. Morris,

17    and to provide you with the needed educational or vocational

18    training, medical care, or other correctional treatment in the

19    most effective and efficient manner available to this Court.

20    Lastly, the Court finds that any lesser sentence would be

21    insufficient to accomplish the purposes set forth in 18 United

22    States Code, Section 3553(a)(2).

23          Are there any objections to the sentence or the manner

24    in which I have pronounced it?  For example, do you have any

25    objections to the Court's ultimate findings of fact or

1 conclusions of law on any objection that you made?

2        MR. YARBROUGH:  No objections, Your Honor.  We would

3 just ask for a recommendation that he be housed as close to the

4 Opelika area as possible.

5        THE COURT:  Any objections by the United States?

6        MS. REDMOND:  No, Your Honor.

7        THE COURT:  I will include as part of my judgment that

8 Mr. Morris -- it is recommended by this Court that Mr. Morris be

9 housed as close within the Bureau of Prisons to Opelika as he

10 can be placed, which will accomplish also the requirements that

11 I have imposed on the Bureau of Prisons for drug treatment and

12 educational benefits.

13        MR. YARBROUGH:  Thank you, Your Honor.

14        THE COURT:  Mr. Morris, the sentence is ordered imposed

15 as stated, and I will now address your rights regarding appeal.

16 And I will inform you of your rights regarding appeal as though

17 the rejection of a portion of your plea agreement with the

18 United States would also include a withdrawal by you of your

19 waiver of appeal provision to the plea agreement.  I'm not

20 saying that that is the effect of my ruling, but I am, out of an

21 abundance of precaution, going to inform you of your full rights

22 regarding appeal as though you had not waived your rights

23 pursuant to the plea agreement in this case.

24        You do have a right to appeal.  In order for your

25 appeal to be timely, you would need to file your notice of

1  appeal as soon as ten days after I enter my written judgment in

2  this case.  If you cannot afford the cost of an appeal, you may

3  petition this Court for leave to appeal in forma pauperis.

4  Pursuant to the plea agreement, you have waived some if not all

5  of your rights regarding your ability to appeal this sentence.

6  Such waivers are generally enforceable, but if you believe that

7  your waiver for whatever reason is not enforceable, I would

8  encourage you to present that theory to the appropriate

9  appellate court.

10         Mr. Morris, it's not my policy to inform you or to

11  advise you to appeal or not to appeal.  It's my policy to inform

12  you of your rights regarding appeal.  Do you understand those

13  rights?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you have any question about those

16  rights?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Is there anything else that we need to take

19  up by the United States?

20         MS. REDMOND:  Judge, at this time the government moves

21  to have dismissed counts two, three, and four of the indictment.

22         THE COURT:  Without objection, counts two, three, and

23  four of the indictment are dismissed.  We've already taken up

24  the --

25         MS. HARDWICK:  Yes, Your Honor.

1          THE COURT:  -- forfeiture allegation.

2          Is there anything we need to take up from the

3  defendant?

4          MR. YARBROUGH:  No, sir.

5          THE COURT:  Mr. Morris, I wish you the best of luck.

6  You're remanded to the custody of the marshal for execution of

7  your sentence.  Good luck to you, sir.

8          MR. YARBROUGH:  Can I be excused, Your Honor?

9          THE COURT:  You may, and Court will be in recess.

10     (Proceedings concluded at 12:25 p.m.)

11                 * * * * * * * * * * * *

12                 COURT REPORTER'S CERTIFICATE

13          I certify that the foregoing is a correct transcript

14  from the record of the proceedings in the above-entitled matter.

15                            This 18th day of November, 2015.

16

17                            /s/ Patricia G. Starkie
                              Registered Diplomate Reporter
18                            Certified Realtime Reporter
                              Official Court Reporter

19

20

21

22

23

24

25