IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:07cr261-MHT |
| | ) | (WO) |
| RASHEEK MORRIS | ) | |

OPINION AND ORDER

In 2014, Amendment 782 to the United States Sentencing Guidelines revised the guidelines applicable to the drug-trafficking offense for which this court sentenced defendant Rasheek Morris. The Sentencing Commission simultaneously promulgated Amendment 788, making Amendment 782 retroactive. This court established a Retroactivity Screening Panel to determine whether a defendant might be eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Morris's case was submitted for review, but the Panel has been unable to reach a unanimous recommendation due to a disagreement over the applicable law. When Morris was originally sentenced in 2007, the court departed downward by two levels on

**the basis of substantial assistance, pursuant to U.S.S.G. § 5K1.1, which resulted in a sentence below the mandatory minimum, as authorized by 18 U.S.C. § 3553(e). The Eleventh Circuit held in United States v. Glover, 686 F.3d 1203 (11th Cir. 2012), that such a below-mandatory-minimum sentence cannot be reduced based on a retroactive amendment to the guidelines. After Glover, in 2014, the Commission promulgated Amendment 780, which states that a reduction should be made without regard to the mandatory minimum when the court originally departed below it based on a substantial-assistance motion. The parties were ordered to brief the question whether Glover or Amendment 780 controls.**

**Both the government and Morris agree that his eligibility for a sentence reduction is governed by Amendment 780 (and that he is therefore eligible); the court concurs, albeit for somewhat different reasons.**

Furthermore, the court agrees with the parties both that a sentence reduction is warranted in Morris's case and as to the extent of that reduction.

## I. CONTROLLING LAW

Congress has authorized federal district courts to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In United States v. Glover, 686 F.3d 1203 (11th Cir. 2012), the appellate court held that a defendant who initially received a below-mandatory-minimum

**sentence, even based on a departure for substantial assistance, is not eligible for a reduction under 18 U.S.C. § 3582(c)(2) when the guideline range that would have applied--absent the mandatory minimum--was subsequently and retroactively reduced. Id. at 1206-07 (citing United States v. Mills, 613 F.3d 1070 (11th Cir. 2010)). It explained that the low end of such a defendant's guideline range was determined by the mandatory minimum, which, pursuant to U.S.S.G. § 5G1.1, "trumped" any portion of the otherwise-applicable guideline range below it. Relying on the Sentencing Guideline's then-current policy statement on sentence reductions, it concluded that a reduction is unavailable in such cases because the relevant "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of**

imprisonment)." Id. at 1206 (citing U.S.S.G. § 1B1.10 cmt. n. 1(A) (emphasis omitted)).

Last year, however, the Sentencing Commission adopted Amendment 780, which states that courts are to ignore the trumping provision in calculating retroactive sentence reductions in substantial-assistance cases. Amendment 780 modified U.S.S.G. § 1B1.10, the policy statement regarding 18 U.S.C. § 3582(c)(2) sentence reductions on which Glover relied, by adding a new subsection (c): "If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline

range shall be determined without regard to the operation of § 5G1.1 and § 5G1.2."[1]

In its Reason for Amendment, the Sentencing Commission made clear that it intended to resolve a circuit split regarding "when, if at all, § 1B1.10 provides that a statutory minimum continues to limit the amount by which a defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2) when the

---

1. Indeed, U.S.S.G. § 1B1.10(c) cmt. n. 4(b) addresses precisely the situation present in this case: "Defendant B is subject to a mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing (as calculated on the Sentencing Table) was 108 to 135 months, which was restricted by operation of § 5G1.1 to a range of 120 to 135 months. See § 5G1.1(c)(2). The court imposed a sentence of 90 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 87 to 108 months. Ordinarily, § 5G1.1 would operate to restrict the amended guideline range to precisely 120 months, to reflect the mandatory minimum term of imprisonment. See § 5G1.1(b). For purposes of this policy statement, however, the amended guideline range is considered to be 87 to 108 months (i.e., unrestricted by operation of § 5G1.1 and the statutory minimum of 120 months)."

defendant's original sentence was below the statutory minimum due to substantial assistance." U.S.S.G. supp. to app. C, amend. 780 (Nov. 1, 2014). It went on to expressly reject the decision in Glover and adopt the contrary view taken by the Third and D.C. Circuits, in order to "ensure[] that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance." Id.

As the government concedes, Amendment 780--not Glover--controls. This is true for two reasons. First, Glover's conclusion derives entirely from its interpretation of the pre-Amendment 780 version of U.S.S.G. § 1B1.10. Now that the text of the provision has changed, Glover's analysis is simply inapposite. (By the same token, if an appellate court determines that a federal statute creates no private right of

action, and then Congress amends the statute to do so, the circuit's decision obviously no longer controls.)

Second, Amendment 780 must be controlling because the section of the Sentencing Guidelines in which it appears--U.S.S.G. § 1B1.10(c)--is binding on district courts hearing motions for sentence reductions. While the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), made many of the guidelines advisory, courts still must abide by the policy statement at issue here. See Dillon v. United States, 560 U.S. 817, 824-28 (2010) (emphasizing the "substantial role Congress gave the Commission with respect to sentence-modification proceedings" in holding that 18 U.S.C. § 3582(c)(2) "requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized"); see also United States v. Colon, 707 F.3d

1255, 1259-60 (11th Cir. 2013) ("[28 U.S.C.] § 994(u) requires the Commission to specify the circumstances in which and the amounts by which sentences may be reduced based on retroactive amendments; § 994(a)(2)(C) requires that it do so in a policy statements; and § 3582(c)(2) requires courts to follow those policy statements.").

It is the Sentencing Commission's important and well-recognized role to resolve circuit conflicts and thereby ensure the consistent application of the Sentencing Guidelines. The Eleventh Circuit has previously highlighted statements by the Sentencing Commission expressly rejecting the court's prior precedent in concluding that such precedent had been abrogated. See United States v. Brown, 332 F.3d 1341, 1345 n.6 (11th Cir. 2003) (recognizing that an application note to an amendment to the Sentencing Guidelines had abrogated prior circuit precedent, and

noting in support that the Sentencing Commission "cited [the abrogated precedent] in its Reason for Amendment"). See also United States v. Rodriguez-Gallegos, 581 F. App'x 378, 379 (5th Cir. 2014) (explaining that the Sentencing Commission had amended the commentary to a guideline in response to a circuit split on a question regarding its application, and concluding that the amendment--rather than contrary prior circuit precedent--"unequivocally" controlled); United States v. Diaz, 245 F.3d 294, 301-03 (3d Cir. 2001) (finding that prior circuit precedent had been abrogated by an amendment in part because "the language on which [the court] relied" in that case had been altered and the Sentencing Commission had "specifically cited [the case] in explaining that the Amendment was intended ... to overturn [contrary] case law").

The court therefore concludes that Amendment 780 has abrogated Glover and controls this case.[2] It is in

---

2. The parties also propose another basis on which to conclude that Amendment 780 is binding in this case: that it is a clarification to the Sentencing Guidelines rather than a substantive change. In so arguing, they cite United States v. Jerchower, 631 F.3d 1181 (11th Cir. 2011). But, as Jerchower itself explains, the clarification-versus-substantive-change distinction is relevant when the court must determine whether an amendment should be given retroactive effect.

Here, it is unnecessary to determine whether Amendment 780 is retroactive: Morris seeks a sentence reduction under Amendment 782 (which is retroactive); ever since Amendment 782 went into effect, U.S.S.G. § 1B1.10 has included Amendment 780. See U.S.S.G. § 1B1.10 cmt. n. 6 (specifically contemplating that Amendment 780 will apply when courts determine defendants' eligibility for sentence reductions under Amendment 782).

Because this retroactivity question need not be resolved for purposes of Morris's case--and because its answer is not as clear as the parties suggest, see Jerchower, 631 F.3d at 1184-85 (noting that an "amendment overturning circuit precedent suggests a substantive change"); see also United States v. Crudup, 375 F.3d 5, 9-10 (1st Cir. 2004) ("[W]e consider whether the amendment addresses an issue on which the courts of appeals have already staked out opposing positions, this being some evidence that the amendment (continued...)

good company in reaching this view. The one appellate court to consider the issue after the effective date of Amendment 780 had previously agreed with the Eleventh Circuit's view in Glover (in virtually all cases--the nuanced distinction is irrelevant here), but reversed this position post-amendment in an unpublished opinion, without any suggestion that the Sentencing Commission's instructions might not be controlling. United States v. Freeman, 586 F. App'x 237, 239 (7th Cir. 2014) ("Pursuant to Amendment 780, § 1B1.10(c) now clarifies that district court should not consider the effect of §§ 5G1.1 and 5G1.2 when ruling on cooperating defendants' § 3582(c) motions. ... Although he was subject to a mandatory minimum of 240 months' imprisonment, the court imposed a sentence of 180 months pursuant to a government motion to reflect Freeman's substantial assistance to authorities.

---

is not a mere clarification...." (citation omitted))--it will be left for another day.

Accordingly, § 1B1.10(c) bears directly on Freeman's case and makes him eligible for a sentence reduction."); see also United States v. Mintz, 2014 WL 6680401, at *2-*3 (W.D.N.C. Nov. 25, 2014) (Reidinger, J.) (disregarding the holding of United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009), in light of its repudiation by Amendment 780).

## II. CALCULATION OF AMENDED SENTENCE

Morris's original base offense level under U.S.S.G. § 2D1.1 was 32; after a two-level increase for his role in the offense pursuant to U.S.S.G. § 3B1.1(c), and a three-level decrease for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, his total offense level was 31. Morris's criminal history category was I. The applicable guideline range was 108 to 135 months; however, because a mandatory minimum of 120 months applied, his guideline range was 120 to 135

months. See U.S.S.G. § 5G1.1(c)(2). The court granted the government's motion for a three-level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1, which both reduced Morris's total offense level to 28 and authorized the court to give a sentence below the mandatory minimum. See 18 U.S.C. § 3553(e).

The adjusted guideline range was 78 to 97 months; Morris was sentenced to 78 months. Morris was simultaneously sentenced on a firearms charge carrying a mandatory minimum of 60 consecutive months, resulting in a combined sentence of 138 months. (The sentence for that firearms charge is unaffected by Amendment 782 and not at issue here.)

The government and Morris now agree as follows: Under Amendment 782, Morris's amended base offense level is 26; after the adjustments for role and acceptance of responsibility are applied, his amended

**total offense level is 25.[3] Because Morris originally received a three-level downward departure for substantial assistance, U.S.S.G. § 1B1.10(b)(2)(B) authorizes the court to reduce Morris's sentence to one "comparably less" than the amended guideline range.[4]**

---

**3. Although the Retroactivity Screening Panel's recommendation states that Morris's amended total offense level is 27, the U.S. Probation Office has informed the court that it now agrees with the parties that the correct amended total offense level is 25.**

**4. U.S.S.G. § 1B1.10(c) cmt. n. 4(b) suggests that, if a court opts to give a sentence "comparably less" than the amended guideline range, then, in order to account for a substantial assistance departure granted in the original sentencing, it should calculate a new sentence that is a similar percentage lower than the amended guideline range. However, this court will account for the departure by calculating a new sentence that is the same number of levels (three) below the amended guideline range, in order to ensure that Morris receives the same sentence that would have been imposed had Amendment 782 been in effect at the time of his initial sentencing. See Glover, 686 F.3d at 1206 ("The goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment.").**

**In any event, both the percentage-wise and level-wise calculations produce the same result in this (continued...)**

**After this departure, the resulting offense level is 22. Morris's criminal history category is I, so the final amended guideline range is 41 to 51 months. Originally, Morris received a sentence at the bottom of the range; hence, his amended sentence on the drug-trafficking charge should be 41 months. When combined with the consecutive 60-month sentence on the firearms charge, the total amended sentence is 101 months.**

**III. PUBLIC SAFETY AND POST-SENTENCING CONDUCT**

**In considering whether and by how much to reduce an eligible defendant's sentence, the court must consider any concerns regarding public safety or post-sentencing conduct, as well as the factors enumerated in 18 U.S.C. § 3553(a). See U.S.S.G. § 1B1.10 cmt. n. 1(B).**

---

**case: a sentence approximately 28% lower than the bottom of the guideline range.**

However, the government and the U.S. Probation Office agree with Morris that no concerns regarding public safety or Morris's post-sentencing conduct exist in this case, and the court agrees. The court has considered the 18 U.S.C. § 3553(a) factors and found no reason to award Morris anything less than the full sentence reduction for which he is eligible.

* * *

After conducting an independent and de novo review of the record, and based upon the assent of defendant Rasheek Morris, it is ORDERED, pursuant to 18 U.S.C. § 3582(c)(2), that the sentence of imprisonment of 138 months previously imposed on him (as reflected in the last judgment issued) is reduced to 101 months.

DONE, this the 2nd day of December, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE