IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:07cr261-MHT |
| | ) | (WO) |
| **RASHEEK MORRIS** | ) | |

OPINION AND ORDER

It is ORDERED that footnote 2 of the opinion issued on December 2, 2015 (doc. no. 202), is amended to read in its entirety as follows:

"The parties also propose another basis on which to conclude that Amendment 780 is binding in this case: that it is a clarification of the Sentencing Guidelines rather than a substantive change.  In so arguing, they cite United States v. Jerchower, 631 F.3d 1181 (11th Cir. 2011).  The court is not entirely clear as to the thrust of this argument.  But, in any event, as Jerchower itself explains, the clarification-versus-substantive-change distinction is relevant when the court must determine whether an amendment should be given retroactive effect.  Here, it is unnecessary to determine whether Amendment 780 is retroactive:

U.S.S.G. § 1B1.10 cmt. n. 8 states that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment."

DONE, this the 3rd day of December, 2015.

                                        /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**